UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: OCT 2 0 2016
```

Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Fund *et al.*,

      Plaintiffs,

–v–

TNS Management Services, Inc,

      Defendant.

16-cv-1120 (AJN)

MEMORADUM & ORDER

ALISON J. NATHAN, District Judge:

  Before the Court is Plaintiffs' motion to confirm an arbitration award against Defendant TNS Management Services, Inc. ("TNS"). Dkt No. 15. Because TNS has failed to appear, the motion is unopposed. For the following reasons, the Court grants the motion to confirm the arbitration award.

**I. Background**

  There are two sets of plaintiffs in this case. The Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Fund ("the Funds") constitute one group of plaintiffs. The Funds are employee benefit plans subject to the Employee Retirement Income Security Act of 1974 ("ERISA"). Savci Decl. ¶ 3 (Dkt No. 18). The Mason Tenders District Council of Greater New York and Long Island ("the Union"), represented by its business manager Plaintiff Robert Bonaza, is a labor organization and another plaintiff. Savci Decl. ¶¶ 5-6. Defendant TNS employed members of the Union. Compl. ¶ 3 (Dkt No. 1); Savci Decl. ¶ 9.

1

Under a conglomerate of various agreements, Defendant TNS was required to make certain contributions to the Funds, such as benefit fringe payments and union dues, on behalf of TNS's union employees.[1] Savci Decl. ¶¶ 7, 10. TNS, however, failed to abide by its payment obligations. An independent audit revealed that TNS had failed to pay required fringe benefit contributions, union dues, and Political Action Committee ("PAC") dues over two periods of time: (1) July 2, 2007 through March 27, 2011 and (2) March 28, 2011 through September 29, 2013. Savci Decl. ¶ 19; Ex. 6 (Dkt No. 18-3); Ex. 7 at 2-3, 7-11, 58-61 (Dkt No. 18-4). Additionally, for the period from April 1, 2011 through March 31, 2012, TNS had made late benefits contributions, meaning that the company owed interest to Plaintiffs. Savci Decl. ¶ 19; Ex. 6.

Upon discovering the delinquent obligations, the Union sent letters to TNS demanding payment. Ex. 7 at 3, 6, 56. When TNS still failed to make the required payments, Plaintiffs elected to seek arbitration. In December 2014, Plaintiffs sent a notice and demand of arbitration to TNS. Savci Decl. ¶ 18; Ex. 5 (Dkt No. 18-3). The arbitration hearing was held on January 29, 2015 in front of Arbitrator Joseph A. Harris. Savci Decl. ¶ 19; Ex. 5, 6. TNS appeared at the conference via telephone, and the company was represented by counsel. Savci Decl. ¶ 19; Ex. 6. At the hearing, TNS admitted that it owed the amounts specified by the Funds. Savci Decl. ¶ 20; Ex. 6. Counsel for TNS then offered to pay, within twenty-four hours, 60% of the principal due, in exchange for writing-off the rest. Ex. 6. Plaintiffs rejected the offer. Ex. 6.

---

[1] In a series of affidavits signed by an officer of the company, TNS agreed to "be signatory to, and be bound by," the provisions of multiple "Project Labor Agreements." Ex. 1A at 2-13 (Dkt No. 18-1). Under the Project Labor Agreements, TNS agreed to be bound by the Mason Tenders' District Council Trust Agreement. Ex. 1A at 43 "(The Contractor agrees to be bound by the written terms of the legally-established jointly trusteed Trust Agreements specifying the detailed basis on which payments are to be paid into, and benefits paid out of, such Trust Funds."); *id.* at 93 (same). The Trust Agreement required employers such as TNS to make payments to the Funds as specified by the Collective Bargaining Agreement. Ex. 2 at 13-17 (Dkt No. 18-3).

2

After the hearing, Arbitrator Harris entered an award in favor of Plaintiffs. In his February 16, 2015 Consent Opinion and Award, Harris entered an award of $138,045.44 against TNS. Ex. 6. This amount included, for the two time periods specified above, (1) delinquent fringe benefits contributions, (2) delinquent union dues, (3) delinquent PAC contributions, (4) statutory interest, and (5) 20% ERISA liquidated damages. Ex. 6. It also included the arbitrator's fee and the interest for the late fringe benefits payments from April 1, 2011 through March 31, 2012. Ex. 6. Following the arbitration hearing and issuance of the award, TNS continued to fail to pay Plaintiffs. Savci Decl. ¶ 21.

On February 12, 2016, Plaintiffs filed this lawsuit. Dkt No. 1. According to an Affidavit of Service filed this this Court, TNS was served with the complaint on March 15, 2016. Dkt No. 7. Notwithstanding prodding by a Court order, TNS failed to appear. *See* Dkt No. 7. On June 7, 2016, Plaintiffs filed a motion to confirm the arbitration award. Dkt No. 15. Plaintiffs attached to the motion a memorandum of law, a Rule 56.1 statement, a declaration from Plaintiffs' counsel (Haluk Savci), and approximately three hundred pages of exhibits. Dkt Nos. 16-18. Because TNS has failed to appear, the motion is unopposed. The Court now resolves the motion.

## II. Standard of Review

"Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). A "court 'must grant' the award 'unless the award is vacated, modified, or corrected.'" *D.H. Blair & Co*, 462 F.3d at 110 (quoting 9 U.S.C. § 9). An arbitrator's award is entitled to "significant deference." *Nat'l Football League Players Ass'n v. Nat'l Football League Mgmt. Council*, 523 F. App'x 756, 760 (2d Cir. 2013). "The arbitrator's

3

rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *Id.* (citations and quotation marks omitted). Only "a barely colorable justification for the outcome reached" by the arbitrator is required to confirm the award. *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

An unanswered motion to confirm an arbitration award should be treated "as an unopposed motion for summary judgment." *Id.* "In essence, 'the petition and the accompanying record' become 'a motion for summary judgment.'" *Trustees of the UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428 (S.D.N.Y. 2008) (quoting *D.H. Blair & Co., Inc.*, 462 F.3d at 109); *see also Curcie v. Avraham*, Nos. 5:09–CV–0947 (GTS/GHL), 5:09–CV–1098 (GTS/GHL), 2009 WL 5185840, at *4 (N.D.N.Y. Dec. 23, 2009) ("When a respondent fails to appear, a petition to confirm an arbitration award and any accompanying submissions are treated as akin to an unopposed motion for summary judgment." (alteration omitted) (quotation marks and citations omitted)).

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The same standard applies to unopposed motions for summary judgment. *See Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). Even when the summary judgment motion is unopposed, the court must "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair & Co., Inc.*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244). "If the evidence submitted in support of the summary judgment motion does not

4

meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented." *Id.* (emphasis omitted).

**III.    The Court Grants Plaintiffs' Motion to Confirm the Arbitration Award**

For the following reasons, the Court concludes that there are no genuine issues of material fact and that Plaintiffs are entitled to confirmation of the arbitration award.

Plaintiffs have presented undisputed evidence demonstrating that arbitration was appropriate in this case. Article 9.8 of the Trust Agreement states that "in the event that an Employer fails to make required contributions to the Trust Fund," the Trustees "ha[ve] the right, in [their] sole and absolute discretion, to determine whether to initiate arbitration proceedings against a delinquent Employer (in lieu of pursuing any other remedies or legal action)." Ex. 2 at 15. As explained *supra* in footnote 1, TNS was bound to this Trust Agreement and thus was subject to arbitration once the Trustees decided to seek it. Furthermore, TNS appeared at the scheduled arbitration, and there is no indication that the company disputed the appropriateness of that proceeding. *See* Ex. 6.

There is also no dispute that TNS failed to make required payments to the Funds. Plaintiffs have submitted evidence, both in the form of Plaintiffs' counsel's declaration and the Arbitrator's Consent Opinion and Award, demonstrating that TNS conceded during arbitration that it had failed to make the claimed payments. Savci Decl. ¶ 20; Ex. 6. Additionally, Plaintiffs submitted reports from independent auditors and the letters Plaintiffs sent to TNS before arbitration, all of which also confirm that TNS failed to pay. Ex. 7 at 2-3, 7-11, 58-61.

The amount TNS owes is also undisputed. Plaintiffs have submitted a declaration by their counsel, *see* Savci Decl. ¶ 19, the Arbitrator's Consent Opinion and Award, *see* Ex. 6, and documents completed by Plaintiffs' auditors, *see* Ex. 7 at 2-3, 7-11, 58-61, all of which detail the

amount TNS owes. Plaintiffs' counsel has averred, and the Arbitrator's Consent Opinion and Award supports this declaration, that TNS did not dispute the amount owed at the arbitration hearing. Savci Decl. ¶ 20; Ex. 6. And because TNS has failed to oppose the motion to confirm the arbitration award, the Court has no evidence to suggest the amount is incorrect.

In light of the evidence submitted by the Plaintiffs, and especially given that TNS conceded the amount owed, the Arbitrator's Consent Opinion and Award had more than a "barely colorable justification." *D.H. Blair & Co., Inc.*, 462 F.3d at 110. The Court therefore must confirm the award. *See id.*

## IV. Conclusion

Plaintiffs' motion to confirm the arbitration award of $138,045.44 is granted. This resolves Docket Number 15. The Clerk is requested to enter a judgment consistent with this Order and terminate the case.

SO ORDERED.

Dated: October ___, 2016
       New York, New York

_____
ALISON J. NATHAN
United States District Judge